**Dated: March 27, 2025**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHARLES V. LONG, JR., | ) | Case No. 23-10316 -SAH |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| TEXAS RAW OIL & GAS, INC., | ) | |
| GOLD STAR ENERGY, LLC, and | ) | |
| OLJEINVEST, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. Pro. 24-01016 -SAH |
| | ) | |
| CHARLES V. LONG, JR., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION TO STRIKE AND NOTICE OF OPPORTUNITY FOR HEARING [DOC. 33]

On March 10, 2025, plaintiffs Texas Raw Oil & Gas, Inc., Gold Star Energy, LLC ("Gold Star"), and Oljeinvest, LLC (collectively, "Plaintiffs") filed their Motion to Strike and Notice of Opportunity for Hearing [Doc. 33] (the "Motion"). Defendant Charles V. Long, Jr. ("Debtor")

filed the Defendant's Response in Opposition to Plaintiffs' Motion to Strike [Doc. 35] on March 24, 2025 (the "Response"). In the Motion, Plaintiffs seek an order striking the Affidavit of Dorsey T. Roach ("Roach" and "Affidavit") attached to and supporting the Response.[1]

For the reasons set forth below, the Motion is denied. The following constitute the Court's findings of fact and conclusions of law.

1. **The Motion is Impermissible.**

Interestingly, and perhaps intentionally, the Motion is silent as to the basis of the Court's authority to strike the Affidavit. Rule 12(f), Fed. R. Civ. P. (applicable pursuant to Rule 7012, Fed. R. Bankr. P.), provides that a court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Only material included in a pleading can be the subject of a motion to strike. SFF-TIR, LLC v. Stephenson, 250 F.Supp.3d 856, 978 (N.D. Okla. 2017) (citing Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike."); accord Ysais v. N.M. Judicial Standard Comm'n, 616 F.Supp.2d 1176, 1184 (D. N.M. 2009) (citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1992) (unpublished table decision)). "By its plain language, Rule 12(f) applies only to material contained in a 'pleading.'" Allertein Therapeutics, LLC v.

---

[1] See Motion for Partial Summary Judgment with Brief in Support and Notice of Opportunity for Hearing [Doc. 22], filed by Plaintiffs on January 2, 2025 (the "Summary Judgment Motion"); Defendant's Response to Plaintiffs' Motion for Partial Summary Judgment [Doc. 31], filed by Debtor on February 24, 2025 (the "Summary Judgment Response"); and Reply in Support of Motion for Partial Summary Judgment [Doc. 32], filed by Plaintiffs on March 10, 2025 (the "Reply").

2

ARL Biopharma, Inc., No. CIV-16-152-F, 2016 WL 11258179, at *2 (W.D. Okla. Sept. 7, 2016).

The Federal Rules limit a pleading to a complaint or third-party complaint, an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim, and, if ordered by the Court, a reply to an answer. Ysais, 616 F.Supp.2d at 1184 (quoting Fed. R. Civ. P. 7(a)). Accordingly, motions and briefs may not be attacked by filing a motion to strike. Engel v. UMB Bank, N.A., 2024 WL 4256716, at *1 (W.D. Okla. 2024) (citing Bunn v. Perdue, 966 F.3d 1094, 1099 (10th Cir. 2020)); Allertein Therapeutics, 2016 WL 11258179, at *2.[2]

A court ordinarily should not strike an affidavit filed in support of a motion for summary judgment or in opposition but will simply disregard the portions shown to not be based on personal knowledge, are hearsay, are scandalous or unduly prejudicial, or are filed in bad faith. Tartt v. Unified Sch. Dist. No. 475, No. 23-02146-EFM, 2024 WL 3328576, at *3 (D. Kan. July 8, 2024) (citing Stevens v. Water Dist. One of Johnson Cnty., 561 F.Supp.2d 1224, 1231 (D. Kan. 2008)).[3] Chief Judge Tim DeGiusti succinctly explains why:

---

[2] If applicable, striking a pleading, or part thereof, is a drastic remedy, and motions to strike are generally disfavored. Est. of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *6 (D. N.M. 2012) (quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)).

[3] One judge views a motion to strike the contents of a summary judgment affidavit as follows:

> "In large part, the substance of defendants' argument has merit, but defendants should have incorporated their arguments into their reply brief instead of filing a separate motion to strike. Motions to strike are generally disfavored except when they serve to expedite. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Defendants' motion does not serve to expedite or streamline matters here; rather, the motion itself is unnecessary clutter. We need not wade through each of plaintiff's statements and his affidavit to provide a detailed analysis of why each statement is or is not material. We agree with defendants that

> The language and corresponding advisory committee notes of Fed. R. Civ. P. 56 (c)(2) explain that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56 (c)(2). Congress amended Rule 56 in 2010 to include this language. Before this amendment, parties properly challenged evidence used in a summary judgment motion by filing a motion to strike. *See* Rule 56, advisory committee's note (2010) ("There is no need to file a separate motion to strike."). "The plain meaning of these provisions show[s] that objecting to the admissibility of evidence supporting a summary judgment motion is now a part of summary judgment procedure, rather than a separate motion to be handled preliminarily." Campbell v. Shinseki, 546 F. App'x 874, 879 (11th Cir. 2013); Cutting Underwater Techns. USA, Inc. v. Eni U.S. Operating Co., 671 F.3d 512, 515 (5th Cir. 2012) ("[I]t is no longer necessary for a party to file such a motion; instead, a party may simply object to the material.").

Dabbs v. Shelter Mut. Ins. Co., No. CIV-15-00148-D, 2019 WL 4738269, at *1 (W.D. Okla. Sept. 27, 2019).

Accordingly, Plaintiffs should have incorporated their arguments in their reply to the Response rather than file a separate motion to strike.  See Gould v. Dillard (In re Tomahawk Oil & Gas Marketing, LLC, 2016 WL 4435609, *1 (Bank. W. D. Okla. 2016) (this Court agreed motions to strike are disfavored and generally superfluous and recognized that, rather than file a motion to strike, the arguments should have been incorporated into objection to motion for summary judgment).  Moreover, this Court is fully capable of assessing the admissibility and relevancy of the statements made in the Affidavit in the course of reviewing the Summary

---

> many of plaintiff's statements and portions of his affidavit are indeed immaterial. Those statements have been disregarded, and it will be clear from our discussion and analysis which facts are relevant to the issues." Allen v. Baxter Int'l Inc., No. 04 C 7954, 2006 WL 560608, at *1 (N.D. Ill. Mar. 2, 2006).  See also U.S. ex rel. Maxwell v. Kerr-McGee Chemical Worldwide, LLC, 2006 WL 2053534, *4 (D. Colo. 2006) (court found motion to strike to have unnecessarily cluttered the record).

4

Judgment Motion, which specifically captures Plaintiffs' third, fourth, and fifth reasons for striking the Affidavit.[4] The Motion is, therefore, denied.

2.  **The Consulting Agreement does not bar the Affidavit.**[5]

Admittedly, Roach executed a Confidentiality Agreement (the "Confidentiality Agreement") in connection with execution of the Consulting and Expert Witness Services, Fee Schedule and Billing Agreement (the "Agreement") with plaintiff Gold Star. Motion, Exhibit 3. The Confidentiality Agreement required Roach to "use the Information [obtained from Gold Star] only for the Purpose[6] and will keep the Information confidential." Motion, Exhibit 3, p.1, ¶ 2. However, the Confidentiality Agreement expressly provided, except for "Speculative Data,"[7] it terminated 18 months after January 25, 2013, i.e. July 25, 2014. Motion, Exhibit 3, pp. 1 and 4, ¶ 14.

---

[4]The final three arguments of Plaintiffs are (i) The Affidavit contains inadmissible hearsay; (ii) the Affidavit contains prejudicial, scurrilous, and the irrelevant attacks on the character of Plaintiffs' principal Peter Flensburg ("Flensburg"); and the Affidavit was prepared in and is being used in bad faith. There is no need to further discuss them separately as the Court routinely makes hearsay, relevancy, and bad faith judgments in the context of ruling on motions for summary judgment.

[5]On a side note, the use of inflammatory language to describe an opposing party's actions does little to advance a party's interest or to obtain a favorable ruling. No judge enjoys reading a brief filled with hostility toward and/or personal attacks upon the other side. The most effective attack is to persuade the Court the other side is wrong through well-reasoned and logical arguments of fact and law. In re Gordon, 484 B.R. 825, 826 (Bankr. N.D. Okla. 2013).

[6]The "Purpose "is defined as follows: "Reviewing Party [Roach and his entity] has expressed an interest in reviewing the Data in order to consult and assist Disclosing Party [Gold Star] in their evaluation and participation in the drilling and production of oil and gas wells with Disclosing Party relating to the Lands." Motion, Exhibit 3, p 1.

[7] "Speculative Data" is defined by the Confidentiality Agreement as "Data licensed from third parties." Motion, Exhibit 3, ¶ 11.

In reviewing the Affidavit, the Court makes several conclusions.  First, the Confidentiality Agreement expired in 2014 by its own terms except with respect to "Speculative Data", i.e. "Data licensed from third parties."  Second, the Affidavit does not appear to contain or use Speculative Data but rather is simply Roach's recollection of actions, behaviors, and conclusions made after reviewing Husky's joint interest billings and lease record files, as well as recorded documents available from various Oklahoma counties.  None of this information comes within the confines of the definition of "Speculative Data," the confidentiality of which extended beyond 2014 (for the "time periods specified in the relevant license agreements").  Further, Plaintiffs made no effort to identify any purported "Speculative Data" contained in the Affidavit or the applicable license agreement and the term thereof.

This argument is without merit.

3.      **The Accountant Client Privilege is not Applicable.**

Plaintiffs next argue the Affidavit is an impermissible attempt to provide privileged information in violation of the Confidentiality Agreement.  To support this argument, Plaintiffs reference Okla. Stat. tit. 12, § 2502.1, which provides in pertinent part:

1.  "Accountant" means a certified public accountant (CPA) or a public accountant;
    . . .

2.  A communication between an accountant and a client of the accountant is "confidential" if not intended to be disclosed to third persons other than:

    a.  those to whom disclosure is in furtherance of the rendition of accounting services to the client, and

    b.  those reasonably necessary for the transmission of the communication.

Two flaws exist with Plaintiffs' argument the accountant-client privilege applies to their, specifically Gold Star's, relationship with Roach.

First, under Section 2502.1.A.1, an accountant is limited to a certified public accountant or public accountant. The Agreement references the "land (or landman) aspects of pooling unitization well trades and Land Contracts" as the consulting services. Motion, Exhibit 2, p. 1. The Affidavit identifies Roach's professional title as "Certified Professional Landman." Motion, Exhibit 1, pp. 1 and 7. Nothing in the Agreement suggests Roach is a certified public accountant or public accountant. Rather, he is clearly a professional landman, and Section 2502.1 is simply inapplicable to the landman-client relationship.

Second, while Oklahoma recognizes an accountant-client privilege, "no such privilege exists under federal law and federal courts have not recognized such a state created privilege." Jeter Enloe v. Bullseye Energy, Inc., 2016 WL 6610809, at *3 (N.D. Okla. 2016) (first citing Couch v. U.S., 409 U.S. 322, 335 (1973); then citing In re Grand Jury Proceedings, 658 F.2d 782, 784 (10th Cir. 1981); and then citing U.S. v. Wainwright, 413 F.2d 796 (10th Cir. 1969), cert. denied 396 U.S. 1009 (1970)). See also Guidance Endodontics, LLC v. Dentsply Int'l, Inc., 2009 WL 10706594, at *3 (D. N.M. 2009) ("[T]here is no independent accountant-client privilege").

As a consequence, Plaintiffs' second argument also fails.

## **CONCLUSION**

For the reasons set forth above, the Motion is DENIED.

# # #